IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMERSON HINES,

        Petitioner,

v.                            No.  CIV-05-1222 MCA/LAM

JAMES JANECKA, et al.,

        Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1.     **THIS MATTER** is before the Court on *Respondent's [sic] Motion to Dismiss* (*Doc. 10*) (hereinafter, "Motion"), filed on February 8, 2006.  Having considered the Motion, the parties' submissions related to the Motion and relevant law, the Court **FINDS** that the Motion is well-taken and should be **GRANTED** and this action should be **DISMISSED WITH PREJUDICE**.

2.     Petitioner is incarcerated and proceeding *pro se*.  On November 21, 2005, Petitioner filed an *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) (hereinafter, "Application").[2]  In their Motion, Respondents contend that the

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]In his Application, Petitioner asserts the following claims related to his state criminal proceedings: (1) he was denied due process of law because the sentencing judge and Petitioner's court-appointed attorney failed to inform him of the maximum and minimum penalties carried by the criminal charges against him; (2) his plea bargain hearing and disposition were illegal because the sentencing judge imposed a sentence which exceeded the sentence that Petitioner agreed to in his plea agreement; (3) his court-appointed attorney coerced his guilty plea, failed to object to his sentence, failed to withdraw his plea and failed to submit an appeal, all in violation of his constitutional right to effective assistance of counsel; and (4) his eighteen-year sentence was contrary to the terms of his plea agreement,

(continued...)

Application should be dismissed because it was not filed within the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter,"AEDPA").[3]  Petitioner failed to file and serve a timely response to the Motion and the Court entered a *Briefing Scheduling Order* (*Doc.13*) on March 7, 2006, which ordered Petitioner to file and serve a response to the Motion no later than March 24, 2006.  Petitioner filed his response to the Motion on March 24, 2006, and Respondents filed their reply to the response on March 28, 2006.[4]  Petitioner filed a surreply to Respondents' reply on July 10, 2006.[5]

### *Background*

3.  On December 7, 2001, the New Mexico state district court entered its judgment and sentence in cases numbered CR-00-341 and CR-01-033, sentencing Petitioner on his convictions of two second degree felony drug trafficking offenses and as an habitual offender.  *See Answer* (*Doc. 12*), Exhibit A.  Petitioner was convicted pursuant to a plea agreement.  *See Answer* (*Doc. 12*), Exhibit A at 1, and Exhibit B.  According to Respondents, cases CR-00-341 and CR-01-033 were consolidated for purposes of plea and sentencing.  *See **Memorandum in Support of Respondent's [sic] Motion to Dismiss*** (*Doc. 11*) at 1.  In his plea agreement, Petitioner stipulated that he waived his right to appeal, "as long as the court's sentence is imposed according to the terms of this agreement."  *Answer* (*Doc. 12*), Exhibit B at second page.  Petitioner had thirty days after

---

[2](...continued)
making his plea bargain unconstitutional, and his attorney abandoned him and failed to file a promised appeal. *See* Application at 6-10b.

[3] Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

[4] *See **Petitioner's Response to Respondent's [sic] Answer and Motion to Dismiss*** (*Doc. 14*) and ***Respondents' Reply to Petitioner's Response to Motion to Dismiss*** (*Doc. 15*).

[5] *See **Petitioner's Reply to Respondent's [sic] Reply to Petitioner's Response to Motion to Dismiss*** (*Doc. 16*).

entry of the judgment and sentence to seek direct review, *i.e.*, until January 7, 2002,[6] but he failed to do so. *See* N.M.R.A., 12-201(A)(2).

   4. On January 24, 2002, Petitioner filed a motion with the state district court to withdraw his plea. *See Answer* (*Doc. 12*), Exhibit C. The district court denied this motion in case CR-00-341 by an order filed on February 13, 2002, and in case CR-01-033 by an order filed on February 12, 2002. *See Answer* (*Doc. 12*), Exhibit D, and Exhibit L at twenty-fourth page, respectively. Petitioner did not seek review of the denial of this motion.

   5. On October 29, 2002, Petitioner filed a motion with the state district court to rescind his plea agreement. *See Answer* (*Doc. 12*), Exhibit E. This motion was denied in case CR-00-341 by an order filed on November 12, 2002. *See Answer* (*Doc. 12*), Exhibit F.[7] On December 6, 2002, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court seeking review of the district court's denial of Petitioner's motion to rescind his plea agreement. *See Answer* (*Doc. 12*), Exhibit G. On February 26, 2003, the New Mexico Supreme Court entered an order which construed the petition for writ of certiorari as a direct appeal from the district court's order denying Petitioner's motion to rescind his plea agreement and transferred the case to the New Mexico Court of Appeals. *See Answer* (*Doc. 12*), Exhibit H. On August 19, 2003, the New Mexico Court of Appeals entered a memorandum opinion affirming the district court's denial

---

[6]Petitioner had until January 7, 2002, because the thirtieth day in which to file his appeal was January 6, 2002, which was a Sunday. Pursuant to Rule 12-308(A), N.M.R.A., if the last day of a period of time in which to file a pleading is a weekend or holiday, the period runs until the end of the next business day.

[7]Although the record does not contain a similar order for case CR-01-033, neither party disputes that Petitioner's motion to rescind his plea agreement was also denied in that case. Moreover, the August 19, 2003, memorandum opinion of the New Mexico Court of Appeals related to the motion indicates that an order denying the motion was filed in both state court cases. *See Answer* (*Doc. 12*), Exhibit K at 1.

of Petitioner's motion to rescind his plea agreement. *See Answer* (*Doc. 12*), Exhibit K. Petitioner did not seek review of this decision.

      6.      On October 15, 2003, Petitioner filed a petition for writ of habeas corpus with the state district court challenging his convictions and sentence. *See Answer* (*Doc. 12*), Exhibit L. This petition was summarily dismissed by the district court in case CR-01-033 on October 29, 2003. *See Answer* (*Doc. 12*), Exhibit M at first page. On November 24, 2003, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court seeking review of the district court's denial of his petition for writ of habeas corpus. *See Answer* (*Doc. 12*), Exhibit N. On December 4, 2003, the New Mexico Supreme Court entered an order denying Petitioner's petition for writ of certiorari. *See Answer* (*Doc. 12*), Exhibit O.

      7.      On November 21, 2005, Petitioner filed this action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

      8.      As amended by AEDPA, 28 U.S.C. § 2244(d)(1) imposes a one-year limitation period on an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The relevant provision of the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> [or other events not applicable here].[8]

---

[8] Other events besides the finality of a judgment may trigger commencement of the AEDPA one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(B) through (D). However, in this case, there is no indication that the one-year limitation period runs from any date other than the date on which Petitioner's state court judgment became final by
(continued...)

This one-year period of limitation is tolled, *i.e.*, not counted toward any period of limitation, for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). This limitation period may also be subject to equitable tolling, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).[9] According to the Tenth Circuit, equitable tolling is appropriate "only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted). In his Application and submissions related to Respondents' Motion, Petitioner has failed to make any showing that he would be entitled to equitable tolling and has failed to present any argument that equitable tolling should apply to his case.

### *Respondents' Motion to Dismiss*

9.     In their Motion, Respondents contend that the judgment in Petitioner's state criminal cases became final, and Petitioner's one-year limitation period under 28 U.S.C. § 2244 (d)(1)(A) began to run, on September 18, 2003, the date on which Respondents allege the time expired for Petitioner to seek certiorari review by the New Mexico Supreme Court of the New Mexico Court of Appeal's decision affirming the district court's denial of Petitioner's motion to rescind his plea agreement. *See* Motion, at ¶ 2. Respondents calculate that the limitation period was tolled for sixty-five days pursuant to 28 U.S.C.§ 2244(d)(2) during the pendency of Petitioner's state habeas petition

---

[8](...continued)
the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A).

[9]The United States Supreme Court has not expressly decided the question of whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).

Case 1:05-cv-01222-MCA-LAM    Document 18    Filed 08/31/06    Page 6 of 8

and conclude that Petitioner's habeas Application in this proceeding should have been filed on or before November 22, 2004. *Id.* at ¶¶ 4, 5. Respondents contend that this action should be dismissed with prejudice because it was filed three-hundred and sixty-four days after the limitation period expired, taking into account the foregoing tolling period. *See* ***Memorandum in Support of Respondent's [sic] Motion to Dismiss*** (*Doc. 11*) at 7.

10.   The Court has determined that Petitioner's application for habeas relief in this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). Although the Court calculates Petitioner's one-year limitation period under AEDPA and related statutory tolling periods differently than Respondents do, it reaches the same conclusion as Respondents that the limitation period had expired when Petitioner filed this action on November 21, 2005.

11.   Petitioner's one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) began to run on January 8, 2002, which was one day after January 7, 2002, the date on which his state court judgment and sentence became final due to expiration of the time for seeking direct review.[10] Thus, absent tolling, Petitioner's federal habeas application was due one year later on January 8, 2003.[11]

12.   Assuming, for purposes of these proposed findings and recommended disposition, that Petitioner's post-trial motions and state habeas petition were properly filed, statutory tolling extended the one-year limitation period for fifty-one days during the pendency of Petitioner's motion to

---

[10] Under New Mexico state law, Petitioner had thirty days after entry of the judgment and sentence in cases CR-01-033 and CR-00-341, *i.e.*, until January 7, 2002, to seek direct review but he failed to do so. *See* N.M.R.A., 12-201(A)(2).

[11] The one-year limitation period in 28 U.S.C. § 2241(d)(1)(A) begins to run on the day after expiration of the time for seeking review. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).

withdraw plea,[12] for three-hundred and fifteen days during the pendency of Petitioner's motion to rescind plea agreement,[13] and for sixty-six days during the pendency of Petitioner's state habeas proceeding.[14]  *See* 28 U.S.C. § 2244(d)(2).  Therefore, Petitioner had until March 14, 2004, to file this action.[15]  Because Petitioner did not file this action until November 21, 2005, his Application was untimely by over one year and all of his claims were time-barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned hereby recommends that ***Respondent's [sic] Motion to Dismiss*** (*Doc. 10*) be **GRANTED** and this action be **DISMISSED WITH PREJUDICE**

---

[12]Petitioner's motion to withdraw plea tolled the limitation period for fifty-one days from January 24, 2002, the date it was filed, to March 15, 2002, the last day on which Petitioner could have filed an appeal from the state district court's denial of the motion.  *See* N.M.R.A., 12-201(A)(2).  This deadline would be the same even if the motion to withdraw plea were construed as a state petition for writ of habeas corpus.  *See* N.M.R.A., 12-501(B).

[13]Petitioner's motion to rescind plea agreement tolled the limitation period for three-hundred and fifteen days from October 29, 2002, the date it was filed, to September 8, 2003, the last day on which Petitioner could have filed a petition for issuance of a writ of certiorari with the New Mexico Supreme Court seeking review of the decision by the New Mexico Court of Appeals.  *See* N.M.R.A., 12-502(A) and (B) (a petition for writ of certiorari seeking review of a decision of the New Mexico Court of Appeals must be filed with the New Mexico Supreme Court within twenty days after final action by the Court of Appeals).

[14]Petitioner's state habeas proceeding tolled the limitation period for sixty-five days from October 15, 2003, the date it was filed, to December 19, 2003, the last day on which Petitioner could have requested a rehearing after the New Mexico Supreme Court's denial of his petition for writ of certiorari seeking review of the district court's denial of his habeas petition.  *See* N.M.R.A., 12-404(A) and *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (AEDPA limitations period tolled by fifteen days under New Mexico procedural rule 12-404(A) which provides that a motion for rehearing may be filed within fifteen days after the filing of an appellate court's decision).

[15]The record shows that Petitioner filed a second state habeas petition with the state district court on December 13, 2004.  *See* **Answer**  (*Doc. 12*), Exhibit Q.  However, that habeas proceeding has no statutory tolling effect under 28 U.S.C. § 2244(d)(2) because it was filed after Petitioner's March 14, 2004, deadline for filing this action.

on the grounds that Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) is time-barred pursuant to 28 U.S.C. § 2244(d).

*Lourdes A. Martínez*
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**